PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS GALLIVAN, | ) | |
| | ) | CASE NO. 4:18CV00545 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 1] |

*Pro se* Plaintiff Dennis Gallivan filed this action against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671. ECF No. 1. Plaintiff claims that as a result of Defendant's medical negligence in connection with surgery on his left hand, he sustained a permanent disability and will experience significant pain into the foreseeable future. *Id.* at PageID#: 3, ¶ 19-21.

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff is a federal inmate incarcerated at FCI Elkton. He alleges that on April 7, 2015, "the BOP, in conjunction with its preferred medical provider, Crystal Clinic, Inc. ("CCI"), performed a left hand patial [sic] palmar fasciectomy on the Plaintiff." *Id*. at PageID#: 2, ¶ 5. Plaintiff claims that after surgery, he was not provided with post-surgical therapy, the range of motion in his left hand is very limited, and he has constant pain and cannot extend his fingers.

*Id*. ¶¶ 7, 12-17. The Complaint alleges that Defendant was negligent both in the performance of the surgery and post-surgical care, and that he exhausted all administrative remedies required under the FTCA, receiving a final denial on September 7, 2017. *Id*. at PageID #:3, ¶¶ 21-22.

A letter dated September 7, 2017 from the Federal Bureau of Prisons concerning Plaintiff's administrative claim states that Plaintiff alleges he "did not receive adequate post-surgical physical therapy at FCI Elkton[,]" but that Plaintiff completed numerous sessions of physical therapy and was evaluated by an orthopedic surgeon when he complained of pain, and pain medication was provided. ECF No. 1-1 at PageID #: 2. Plaintiff's administrative claim was denied because the BOP concluded that "there is no evidence to suggest you experienced compensable loss as the result of negligence on the part of any Bureau of Prisons employee." *Id*. The denial letter states that Plaintiff's claim was based upon alleged inadequate post-surgical medical care, and does not mention any allegation of negligence associated with the surgery itself.

The instant action for compensation arises from the administrative denial of Plaintiff's FTCA claim by the BOP. Plaintiff seeks $150,000.00 in damages. ECF No. 1 at PageID #: 3.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470

(6th Cir. 2010). Moreover, while some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. See *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B)(ii), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471.

### III.  Law and Analysis

#### A. Federal Tort Claims Act

The Federal Tort Claims Act authorizes a limited waiver of the federal government's sovereign immunity, making the government liable to the same extent as a private party for certain torts committed by federal employees acting within the scope of their employment:

> [C]ivil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable

(4:18CV00545)

> to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The liability of the federal government under the FTCA is determined by the laws of the state where the event giving rise to the FTCA claim occurred. *Id.*; *Daniel v. U.S.*, 716 F. Supp. 2d 694, 696 (N.D. Ohio 2010) (citing *Young v. U.S.*, 71 F.3d 1238, 1242 (6th Cir. 1995)). FCI Elkton is located in Ohio. There are no allegations in the Complaint that any of the events giving rise to Plaintiff's FTCA claim took place outside of Ohio. Accordingly, the Court applies Ohio's medical negligence laws in its FTCA analysis.

**B. Ohio Medical Negligence Law**

In Ohio, allegations of medical negligence are "medical claims" subject to Ohio Civ. R. 10(D)(2). *Beair v. Ohio Dep't of Rehab.*, 156 F. Supp. 3d 898, 905 (N.D. Ohio 2016) ("A 'medical claim' is one that 'arises out of the medical diagnosis, care, or treatment of any person,' and is 'asserted against' a physician, nurse, physical therapist, EMT, hospital, or any employee or agent of a physician or hospital.") (quoting Ohio Rev. Code § 2305.113(E)(3)); *Jackson v. Ne. Pre-Release Ctr.*, No. 09AP-457, 2010 WL 927030, at *2-3 (Ohio Ct. App. Mar. 16, 2010) (medical negligence claim of an inmate with the Ohio Department of Rehabilitation and Corrections regarding treatment of a broken ankle is a medical claim subject to Ohio Civ. R. 10(D)(2)). Plaintiff's medical negligence claim, alleging negligently performed surgery on his hand and post-surgical treatment, is therefore a medical claim under Ohio law.

Civil Rule 10(D)(2), which arose out of Ohio's tort-reform legislation, requires that a complaint containing a medical claim include an affidavit of merit from an expert witness. *See*

(4:18CV00545)

*Beair*, 156 F. Supp. 3d at 905 (citing *Thompson v. U.S.*, No. 1:13-CV-00550, 2013 WL 3480347, at *1 (N.D. Ohio, July 10, 2013)). When applying state law, as the Court does here to Plaintiff's FTCA medical negligence claim, "federal courts apply state substantive law and federal procedural law." *Daniel,* 716 F. Supp. 2d at 696 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and *Felder v. Casey*, 487 U.S. 131 (1988)). The applicability of Ohio Civil Rule 10(D)(2), then, depends upon whether Rule 10(D)(2) is substantive or procedural.

The Court rules that Rule 10(D)(2) is substantive and not procedural, and therefore, the obligations it creates are binding on Plaintiff.[1] See *Flonery v. U.S.*, No. 4:17CV1068, 2018 WL 3537139, at *3 (N.D. Ohio July 23, 2018) (citing *Daniel*); *Buckner v. U.S.*, No. 4:13-CV-02469, 2015 WL 5023079, at *10-11 (N.D. Ohio July 1, 2015) (citing *Daniel* and finding that Pennsylvania's certificate of merit requirement is substantive and applicable to prisoner's FTCA medical malpractice claim), *report and recommendation adopted,* No. 4:13CV2469, 2015 WL 5023069 (N.D. Ohio Aug. 21, 2015); *Kollin v. City of Cleveland*, No. 1:11 CV 2605, 2013 WL 10914611, at *3 (N.D. Ohio May 24, 2013) (same) (collecting cases); *Fonseca v. U.S.*, No. 1:13CV1710, 2013 WL 6797736, at *3-4 (N.D. Ohio Dec. 23, 2013); *Bennafield v. U.S.*, No. 4:12CV3010, 2013 WL 5173221, at *2 (N.D. Ohio Sept. 12, 2013) (Ohio's affidavit-of-merit

---

[1] Other judicial officers in the Northern District of Ohio have reached a different conclusion on this issue. *Cf. Larca v. U.S.* 302 F.R.D. 148, 155-161 (N.D. Ohio 2014) (citations omitted) (denying defendant's motion to dismiss for failure to failure to attach Rule 10(D)(2) affidavit of merit); *Beair*, 156 F. Supp. 3d at 906 (same); *Gold v. City of Sandusky*, Case No. 3:15 cv 2001, 2016 WL 5462970, at *3-4 (N.D. Ohio Sept. 29, 2016) (concluding that Rule 10(D)(2) is procedural and not substantive because dismissal by Ohio courts under that rule is not based upon the merits of the case); *Rodriguez v. U.S.*, No. 1:14-CV-02526, 2015 WL 4496279, at *3-4 (N.D. Ohio July 23, 2015); *Muncy v. Siefker*, No. 3:12CV2301, 2013 WL 1284233, at *5 (N.D. Ohio Mar. 26, 2013); *Thompson*, 2013 WL 3480347, at *5.

(4:18CV00545)

rule is substantive and applies to FTCA medical malpractice claim) (collecting cases); *Klinger v. Corr. Corp. of Am., Inc.*, No. 4:11CV2299, 2012 WL 12897339, at *7 (N.D. Ohio Dec. 13, 2012), *report and recommendation adopted,* No. 4:11CV2299, 2013 WL 143535 (N.D. Ohio Jan. 11, 2013) (citing *Daniel* and finding that North Carolina's certificate of merit requirement is substantive and therefore applicable to FTCA litigation).

A substantive state law is a law that "gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required.'" *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir. 2008) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535 (1958)). A state's law is substantive if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Daniel*, 716 F. Supp. 2d at 697 (citing *Hanna v. Plumer*, 380 U.S. 460, 466 (1965)).

Ohio Civil Rule 10(D)(2), which requires an affidavit of merit at the pleading stage, gives rise to state-created obligations, and it determines the outcome of this case. More directly to the point, the Court has previously held, under identical circumstances, "Failure to attach an affidavit results in dismissal." *Flonery*, 2018 WL 3537139, at *3 (quoting *Bierbauer v. Manenti*, 2010 WL 4008835, at *10 (N.D. Ohio Oct. 12, 2010)).

Because Rule 10(D)(2) is substantive Ohio law, its requirements apply to Plaintiff's medical negligence claim under the FTCA, and Plaintiff was obligated to file an affidavit provided by an expert witness meeting the requirements of Fed. Evid. R. 702 and include the following:

(4:18CV00545)

> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
> (ii) A statement that the affiant is familiar with the applicable standard of care;
> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio Civ. R. 10(D)(2)(a)(i)-(iii).

Plaintiff did not file an affidavit of merit with his complaint. He thus fails to state a medical negligence claim under Ohio law and, therefore, to state a claim under FTCA upon which relief can be granted. Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice, and with leave for Plaintiff to refile his complaint with an affidavit of merit as required by Rule 10(D)(2), if he can do so within the time permitted by the statute of limitations..

### III. Conclusion

For the foregoing reasons, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

| | |
|---|---|
| August 30, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |