PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS GALLIVAN, | ) | |
| | ) | CASE NO. 4:18-CV-545 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | [Resolving ECF No. 29] |

Pending is Defendant United States of America's Partial Motion to Dismiss (ECF No. 29), brought pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has not filed a Response to Defendant's Motion, despite being ordered to do so. *See* ECF No. 38. For the reasons that follow, the Court grants Defendant's Motion.

## I. Background

In March 2018, *pro se* Plaintiff Dennis Gallivan filed a Complaint (ECF No. 1) alleging claims against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671. Plaintiff was, at that time, incarcerated at FCI Elkton.[1] His allegations against the United States in the instant case arise from a "left hand patial [sic] palmar fasciectomy" performed in April 2015. ECF No. 1 at PageID #: 2. Plaintiff alleges that "[d]ue to the failure of the surgery and the absolute lack of any post-surgery care," he sustained various

---

[1] Plaintiff has since been released from custody. *See* Bureau of Prisons ("BOP") website at https://www.bop.gov/inmateloc/ (last visited Jan. 5, 2021).

(4:18-CV-545)

injuries, including pain and an inability to extend his fingers, resulting in permanent disability. *Id.* at PageID #: 2-3.

The Court dismissed Plaintiff's Complaint on initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, citing Plaintiff's failure to include an affidavit of merit from an expert witness pursuant to Ohio Civil Rule 10(D)(2). ECF No. 7. The Sixth Circuit reversed the Court's decision, holding that the Ohio Rule was procedural, not substantive, and thus the Federal Rules of Civil Procedure precluded application of the Ohio Rule. *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019). The case was remanded for further proceedings, and Defendant filed the instant Partial Motion to Dismiss. ECF No. 29. Defendant argues that, to the extent Plaintiff seeks to hold the United States liable for negligent performance of the surgery itself (as opposed to negligent post-surgery treatment), Plaintiff's claim must be dismissed because the "independent contractor exception" to the FTCA applies, leaving the Court without subject matter jurisdiction.

The Court notes that there is some confusion as to whether or not Plaintiff has alleged a claim for negligent performance of the surgery itself. Defendant has provided the Court with a letter it received from Plaintiff in which Plaintiff attempts to clarify that his "claim involves the lack of proper therapy being provided by the Medical Department at this facility following the botched surgery on my left hand. The claim is NOT against the contract service provider." ECF No. 29-3 at PageID #: 190. Plaintiff's Complaint, however, alleges that his injury was "[d]ue to the failure of the surgery," and that "Defendant's negligent performance of the surgery and negligent post-surgery treatment has caused damage to the Plaintiff." ECF No. 1 at PageID #: 3.

2

(4:18-CV-545)

The Court, therefore, interprets the Complaint as alleging claims for both negligent surgery and negligent post-surgery treatment.

## II.  Standard of Review

The Court, like all federal courts, is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The Court's power to hear the case before it is called subject matter jurisdiction, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed R. Civ. P. 12(h)(3). The proper vehicle for a party to challenge the Court's subject matter jurisdiction is a motion under Rule 12(b)(1). And, "where subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citing *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)).

Rule 12(b)(1) motions come in two varieties: facial and factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Sixth Circuit has provided the following guidance regarding the distinction between the two and the procedure for adjudicating each:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A *factual* allegation, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

(4:18-CV-545)

*Id.* (internal citations omitted).  The evidence that the Court weighs in considering a factual challenge to subject matter jurisdiction may include "affidavits, documents, and even [evidence adduced at] a limited evidentiary hearing to resolve disputed jurisdictional facts."  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also Rogers*, 798 F.2d at 916 ("[T]he parties are free to supplement the record by affidavits [and, unlike a 12(b)(6) motion] this supplementation does not convert the motion into a Rule 56 summary judgment motion.").

### III.  Analysis

Defendant's Motion mounts a factual challenge to Plaintiff's Complaint.  ECF No. 29-1 at PageID #: 171.  Defendant argues that "Plaintiff cannot maintain his claim for negligent surgery against the United States since it is undisputed that the procedure was performed by a contractor," and the FTCA does not waive the federal government's sovereign immunity from liability arising from the acts or omissions of independent contractors.  *Id.*  Thus, Defendant argues, because the FTCA does not give the Court the power to hear a claim for negligence arising from a contractor's actions—such as Plaintiff's negligent surgery claim—the Court lacks subject matter jurisdiction over the negligent surgery claim and must dismiss it.

The Court grants Defendant's Motion for two reasons.  First, the burden is on Plaintiff to submit evidence establishing that the Court has subject matter jurisdiction, and Plaintiff has not submitted anything in response to Defendant's Motion.  Second, Defendant is correct that Plaintiff's negligent surgery claim is not allowed by the FTCA, and thus the Court must dismiss the claim for lack of subject matter jurisdiction.

4

(4:18-CV-545)

Regarding the first reason, the Supreme Court has instructed the lower federal courts that "[i]t is to be presumed that a cause lies outside [the federal court's] limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377; *see also RMI Titanium Co.*, 78 F.3d at 1134. As noted above, Plaintiff has not responded to Defendant's Motion, even though it has been pending for several months and Plaintiff has been given several extensions beyond the normal briefing schedule for dispositive motions provided in Local Rule 7.1(d). *See* Minutes of Proceedings [non-document], June 8, 2020; ECF No. 38. It appears, therefore, that Plaintiff does not dispute that his negligent surgery claim is outside of the Court's limited jurisdiction.

Regarding the second reason, the FTCA only confers jurisdiction upon the federal district courts to hear "civil actions on claims against the United States, for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." The Supreme Court has read this language—in connection with 28 U.S.C. § 2671's definitions of "[e]mployee of the government" and "Federal agency," which exclude "any contractor with the United States"—to create an "independent contractor exception." *See United States v. Orleans*, 425 U.S. 807, 813-14 (1976). Thus, "[f]or [Plaintiff] to recover money damages, [his] claim must be based on a negligent act or omission by a government employee." *Berrien v. United States*, 711 F.3d 654, 657 (6th Cir. 2013).

It is not. Plaintiff has admitted both that the surgery was performed by a third party called Crystal Clinic, Inc. (*see* ECF No. 1 at PageID #: 2, ¶ 5), and that Crystal Clinic, Inc. is an

5

(4:18-CV-545)

independent contractor (*see* ECF No. 29-3 at PageID #: 190 ("The claim is NOT against the contract service provider.")). Defendant has also supplied the affidavit of a BOP paralegal to support these facts. ECF No. 29-2 at PageID #: 175, ¶ 3. Because the independent contractor exception applies to Plaintiff's negligent surgery claim, the Court lacks subject matter jurisdiction to hear it. *See Russell v. United States*, No. 3:17-CV-77-TWP-DCP, 2018 WL 1475603, at *4 (E.D. Tenn. Mar. 26, 2018) ("In order for jurisdiction under the FTCA to be proper in this action, the Court must determine that none of the exceptions to the FTCA's waiver of sovereign immunity applies.") (citing *Himmelreich v. Bureau of Prisons*, 766 F.3d 576, 580 (6th Cir. 2014)).

### IV. Conclusion

Defendant United States of America's Partial Motion to Dismiss (ECF No. 29) is granted. To the extent Plaintiff's Complaint alleges a claim for negligent performance of the surgery itself, such claim is dismissed.

Additionally, the Court notes that the parties request a status conference in this matter. ECF No. 42 at PageID #: 231. The parties are reminded that a status conference is set for January 22, 2021. ECF No. 33 at PageID #: 214. The issues raised by the parties in their Status Report (*see* ECF No. 42) can be discussed at that time.

IT IS SO ORDERED.

| | |
|---|---|
| January 7, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |